**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROBERT RAY**                                                                           **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:15CV870-CWR-LRA**

**KINO REESE, CITY OF MERIDIAN,
JUSTICE JUDGE THEALL**                                              **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the undersigned Magistrate Judge on the Motion to Proceed *In Forma Pauperis* [2] [IFP] filed on December 3, 2015, by Robert Ray [hereinafter "Plaintiff" or "Ray"]. Plaintiff attests that he has no income, although he did not fully complete the required financial application. On May 22, 2015, he filed another Complaint with nearly identical allegations in Cause No. 3:15cv380-CWR-FKB. In that case, his application to proceed *in forma pauperis* was denied by Order [7] filed July 8, 2015. His case was dismissed without prejudice on September 22, 2015 [8] because he failed to pay the filing fees by the date directed. Ray filed the Complaint again in December 2015, supported by a different financial application and request to proceed without paying the filing fees. In the current application, Ray no longer listed as income his $1311 monthly social security income (listed in Cause No. 3:15cv380 [2]).

The undersigned finds that if only Plaintiff's income and expenses listed in the current application are reviewed, he may be entitled to proceed without the prepayment of fees. This can be determined with certainty only after Plaintiff has amended his application to more fully describe his financial situation. However, a court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   Plaintiff's Complaint [1] is quoted verbatim in part as follows:

> ... Comes now Robert Ray pro se files this Complaint against the City of Meridian MS and Justice Judge Theall. Plaintiff will show facts under line why he is asking this court to grant him 12 million dollars against the Defendants. On or around 2010 September the 20th I Robert Ray was accused of assulting Kino Reese and was found guilty and was given a find of three hundred dollars and lost of job. I the plaintiff have been appealing this decision all way up to this date December the 3rd 2015.
> Argument
> My argument is that I am not guilty and Mr. Kino Reese recanted his story will attach affidavit a later date. There was no evidence submitted at the hearing showing that I assaulted Mr. Kino Reese and because I lost my job due to this incident I lost Propert car and was under a lost of mental stress. Wherefore Plaintiff prays that release be granted is this case.

Complaint [1], p. 1.

Under the IFP statute, a complaint filed *in forma pauperis* that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The statute gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* at 327. Although § 1915(e)(2)(B) is often applied to *pro se* prisoners, it also applies to non-prisoners. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

The Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned recommends that his Complaint be dismissed.

Ray asserts that he was convicted of assaulting Defendant Kino Reese on September 20, 2010. According to Ray, he was fined $300 and "lost his job" as a result of the conviction. According to Ray, he was not guilty, and Reese "recanted his story," and Ray

has "been appealing" this decision to the date he filed the Complaint. Ray contends that no evidence was submitted showing that he was guilty.

The undersigned is of the opinion that Ray's claims for monetary damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim alleging unconstitutional actions is not cognizable under § 1983 if the unlawfulness of those actions would necessarily imply the invalidity of a conviction or sentence, unless that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-97 (footnotes omitted); see also *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

A judgment in favor of Ray in this action would necessarily imply the invalidity of his conviction for assault.  In other words, if these Defendants conspired to falsely convict Ray for the assault charge, or Defendant Reese offered false and perjured testimony to convict him— Ray would not be guilty of the crime of simple assault.  He cannot sue for monetary damages unless and until his conviction is invalidated.  Although Ray asserts that he has been appealing the conviction for five years, he implies that his appeals have been unsuccessful.  He has certainly failed to show that he has successfully challenged his sentence in any other proceeding or offered proof that his criminal conviction has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus.

Ray is apparently not a prisoner, as his Complaint does not indicate that he was sentenced to a prison term.  The assault conviction may have resulted from a misdemeanor charge.  In his Complaint filed in 3:15cv380, Ray contends he was an employee at East Mississippi Correctional Facility when his fellow employee  Defendant Reese accused him of simple assault.  The *Heck* doctrine was applied by the Fifth Circuit to also bar claims of a non-prisoner who no longer had the option of challenging his conviction through a petition for writ of habeas corpus.  *Randell v. Johnson*, 227 F.3d 300, 301 (2000) (per curiam), *cert. denied*, 532 U.S. 971 (2001).  The *Heck* favorable-termination bar was again applied to bar a non-prisoner in *Black v. Hathaway,* 616 Fed. Appx. 650 (5th Cir. 2015), *cert. denied*, ___ S.Ct. __, 2016 WL 280841 (Jan. 26, 2016) (noting the disagreement among circuits).  *See also Carter v. Wilder,* Civil Action No. 4:11-cv-682, 2012 WL 1242379 (N.D. Tex., Apr. 12, 2012) (complaint by former inmate dismissed pursuant to *Heck* under 28 U.S.C. § 1915).

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted. If the case is allowed to proceed, then Ray's request to proceed *in forma pauperis* should be revisited to resolve the conflicts between the current financial application and his application filed in 3:15cv380.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of February 2016.

                                             s/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE